Eastern District of Kentucky
**FILED**

FEB 26 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                           INDICTMENT NO. 6:26-cr-033-KKC

**DEWAYNE HARRIS and
AMANDA GOODEN**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 846

On or about a date in 2025, the exact date unknown, and continuing through on or about February 12, 2026, in Harlan County, in the Eastern District of Kentucky, and elsewhere,

**DEWAYNE HARRIS and
AMANDA GOODEN**

did conspire together and with others to knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

### COUNT 2
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about January 13, 2026, in Harlan County, in the Eastern District of Kentucky,

**DEWAYNE HARRIS and**
**AMANDA GOODEN,**

aided and abetted by each other, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

<u>**COUNT 3**</u>
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about February 7, 2026, in Harlan County, in the Eastern District of Kentucky,

**DEWAYNE HARRIS and**
**AMANDA GOODEN,**

aided and abetted by each other, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

<u>**COUNT 4**</u>
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about February 12, 2026, in Harlan County, in the Eastern District of Kentucky,

**DEWAYNE HARRIS and**
**AMANDA GOODEN,**

aided and abetted by each other, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
## 18 U.S.C. § 922(g)(1)

On or about February 12, 2026, in Harlan County, in the Eastern District of Kentucky,

## AMANDA GOODEN,

knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Rock Island Armory, Model 200, .38 special caliber revolver with serial number RIA1656640, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 6
## 18 U.S.C. § 922(g)(1)

On or about February 12, 2026, in Harlan County, in the Eastern District of Kentucky,

## DEWAYNE HARRIS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Ruger 9mm caliber handgun with serial number 462-51635, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1.  By virtue of the commission of the felony offense alleged in Counts 1-4 of the Indictment, **DEWAYNE HARRIS** and **AMANDA GOODEN** shall forfeit to the

United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 841 and 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 841 and 846. Any and all interest that **DEWAYNE HARRIS** and **AMANDA GOODEN** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 5-6 of the Indictment, **DEWAYNE HARRIS** and **AMANDA GOODEN** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. § 922(g). Any and all interest that **DEWAYNE HARRIS** and **AMANDA GOODEN** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following which was seized from **DEWAYNE HARRIS** and **AMANDA GOODEN** on or about February 12, 2026:

### CURRENCY:

a. $5,200.00 in United States currency;
b. $1,445.00 in United States currency;

### FIREARMS:

a. Rock Island Armory, Model 200, .38 special caliber revolver with serial number RIA1656640; and
b. Ruger 9mm caliber handgun with serial number 462-51635;
c. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).



PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

## COUNTS 1-4:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

### If Prior Felony Drug Offense:
Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

## COUNT 5-6:

Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.