UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-0033-KKC

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                        **PLEA AGREEMENT**

AMANDA GOODEN                                                    DEFENDANT

\* \* \* \* \*

1.     Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.  Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two, Three, Four, and Five.  Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.     The essential elements of Count One are:

(a)    Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

(b)    The Defendant knew of the conspiracy and its objects, aims, and goals; and

(c)    The Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

3.    As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)    From on or about a date in 2025 and until February 12, 2026, the Defendant worked together with an associate to obtain fentanyl from a supplier and distribute that fentanyl to other dealers and users in the Harlan County area of the Eastern District of Kentucky.

(b)    On or about January 13, 2026, law enforcement used a confidential informant to make a controlled purchase of 2.165 grams of fentanyl from the Defendant's associate. The transaction was arranged with the Defendant, but the Defendant's associate distributed the fentanyl to the informant and received the payment. On or about February 7, 2026, law enforcement used a confidential informant to make a controlled purchase of 3.172 grams of fentanyl from the Defendant. Though the Defendant distributed the fentanyl, the Defendant's associate participated in the transaction by communicating with the informant about the details of the transaction prior to it occurring. The Defendant's associate was also present during the transaction.

(c)    On or about February 12, 2026, in Harlan County, law enforcement conducted searches of two residences connected to the Defendant and the Defendant's associate. During those searches, law enforcement located, among other things, two firearms, a large amount of United States currency, 12.054 grams of methamphetamine, and 18.384 grams of fentanyl. The Defendant had obtained one of the firearms earlier on the date of the search when she accepted it as payment for fentanyl that she distributed to another individual.

4.    The statutory punishment for Count One is imprisonment for not more than 30 years, a fine of not more than $2,000,000, and a term of supervised release of at least 6

years. The Defendant has a prior felony drug offense as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)     The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)     Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 80 kilograms but less than 100 kilograms of converted drug weight (fentanyl and methamphetamine mixture), which corresponds to a base offense level of 22.

(c)     Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because a dangerous weapon was possessed.

(d)     Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.      No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.      The Defendant will not file a motion for a decrease in the offense level based

on a mitigating role pursuant to U.S.S.G. §§ 3B1.2 or 2D1.1(e)(2).

8.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.    The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may

have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11.    The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 6/29/26          By: _____
                           Andrew H. Trimble
                           Assistant United States Attorney

Date: 6-11-2026        _____
                       Amanda Gooden
                       Defendant

Date: 06-11-26         _____
                       Thomas Paul Miceli
                       Attorney for Defendant

6