**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:26-CR-033-KKC-01**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **MEMORANDUM ADDRESSING UNRESOLVED GUIDELINE OBJECTION**

**DEWAYNE HARRIS** **DEFENDANT**

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affects the guideline calculations. As discussed in more detail below, it is the position of the United States that the PSR has correctly calculated Harris's guideline range. As a result, Harris's objection should be overruled.

Harris objects to being designated as a career offender. Whether a defendant is classified as a career offender, is addressed in U.S.S.G. § 4B1.1, which states as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(a). "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a).

Defendant Dewayne Harris, who is 60 years old, has pled guilty in this case to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. This is the second time that Harris has been convicted under that statute, the first coming in December 18, 2003, when he was sentenced to 270 months of incarceration for conspiring to possess with the intent to distribute more than five kilograms of cocaine and possessing a firearm in furtherance of that drug trafficking offense. [PSR Paragraph 67]. Based on these convictions, there is no dispute that Harris was 18 years old at the time of the instance offense, that the instant offense is a controlled substances offense, or that Harris has one prior serious drug offense. As a result, any other controlled substance offense or crime of violence in Harris's background would trigger the career offender enhancement.

The PSR finds such a conviction in Bell Circuit Court Case Number 08-CR-96, in which Harris was convicted of facilitation of murder and solicitation of second-degree arson. [PSR Paragraph 69]. In a series of cascading arguments, Harris claims that Kentucky facilitation and solicitation improperly dilute the mental state below the requite levels to categorically qualify as crimes of violence and, alternatively, that neither Kentucky second degree arson or murder qualify as crimes of violence. As a result, Harris does not believe he qualifies as a career offender.

To the extent Harris argues that that complicity to commit murder and murder are not crimes of violence or violent felonies,[1] he does not have the backing of this Court or the Sixth Circuit. Harris cites to this Court's decision in *United States v. Harrison*, No. CR 5:19-143-KKC, 2021 WL 4902384, at *9 (E.D. Ky. Oct. 21, 2021), aff'd, 54 F.4th 884 (6th Cir. 2022) for the proposition that complicity to commit murder is not a violent felony under the enumerated offense clause. However, Harris omits that this Court also found that, "complicity to commit murder falls within the elements clause of § 3559(c)(2)(F)." *Harrison*, 2021 WL 4902384, at *8. The Sixth Circuit affirmed this decision. In reaching that conclusion, the Judge Thapar posed the following question: "Is it possible to be found guilty of complicity to commit murder without proof of any 'use of physical force'?" *United States v. Harrison*, 54 F.4th 884, 888–89 (6th Cir. 2022). Wielding the precedential

---

[1] *See United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017) (relying on the ACCA's elements clause for "violent felony" to interpret the elements clause of the "crime of violence" provision in the Sentencing Guidelines.)

powers of the Sixth Circuit Court of Appeals, Judge Thapar answered that question as follows:

> No. Complicity to commit murder always requires the use of physical force, because murder always requires the use of physical force. A person is only guilty of murder in Kentucky if he causes the death of another, either intentionally or by 'wantonly engag[ing] in conduct which creates a grave risk of death." See Ky. Rev. Stat. § 507.020. And a person can't cause the death of another intentionally or wantonly without using physical force.
> ….
> Because murder requires the use of physical force, a Kentucky conviction for complicity to commit murder is a serious violent felony under section 3559. See Cole Concurrence at 7–8. Seven of our sister circuits have interpreted the same use-of-force phrase in the Armed Career Criminal Act (ACCA) and Sentencing Guidelines § 4B1.2 in the same way.

*Harrison*, 54 F.4th at 889–90 (citations omitted); *see also, United States v. Jamison*, 85 F.4th 796, 804 (6th Cir. 2023) (affirming *Harrison*). So, in decisions rendered after any relevant opinion cited in Harris's objection, the Sixth Circuit has decided (and bound everyone in this case) to the conclusion that both murder and complicity to commit murder are both crimes of violence and violent felony offenses.

Having established this, the only way that Harris would not have a crime of violence on his record is if the offense were disqualified on account of facilitation. There are good reasons to believe that is not the case. In a recent case in this district, Judge Reeves found that, "facilitation of a violent felony is sufficient under federal law to count as a predicate offense." *United States v. Brown*, No. CR 5:16-97-DCR, 2018 WL 386158, at *5 (E.D. Ky. Jan. 11, 2018) (citing *United States v. Elliott*, 757 F.3d 492 (6th Cir. 2014)). The Elliott case cited by Judge Reeves makes it easy to see how Judge Reeves came to that conclusion. In *Elliott*, the Sixth Circuit affirmed that a conviction under Kentucky law for

facilitation to commit first degree robbery constituted a violent felony under the force or elements clause of the ACCA. 757 F.3d 492, 496 (6th Cir. 2014). Specifically, the Court stated as follows:

> Because conviction of facilitation in Tennessee requires proof that the underlying crime was actually committed, and the underlying crime of robbery includes the element of the use or threatened use of force, the court concluded that facilitation to commit robbery in Tennessee has as an element the use or threatened use of force. The same is true of the Kentucky statute.

*Id*. Thus, the Sixth Circuit makes clear that, if the underlying offense includes an element of use or threatened use of force, then a conviction for facilitating that crime also has an element of use or threat of force since the Kentucky facilitation statute (like the corresponding Tennessee facilitation statute) requires proof that the underlying crime was committed. As has already been shown herein, the Kentucky murder statute requires the use of force. Therefore, a conviction for facilitation to commit murder must also contain an element of the use for force and, therefore, constitute a crime of violence.

Harris seeks to escape this conclusion in at least two ways. First, he argues that the offense does not count because Harris was convicted of the substantive crime of facilitation, which he says is different that facilitation of murder. However, essentially the same argument was also tried and rejected in *Elliott*. *See Id*. at 495 ("However, Elliott was not convicted of facilitation in the abstract; he was convicted of facilitation to commit robbery.").

Second, Harris argues that the foundation of Elliott has been eroded by subsequent decisions of the Kentucky Court of Appeals applying the law related to facilitation. Harris points to two cases, both of which were decided after *Elliott*, but neither of those cases

purport to set forth new law or a change in the law. The holding in *Priddy v. Commonwealth*, 629 S.W.3d 14, 19 (Ky. Ct. App. 2021) and *Goff v. Commonwealth*, 618 S.W.3d 503, 508 (Ky. Ct. App. 2020) rely on analysis from *Skinner v. Commonwealth*, 864 S.W.2d 290, 298 (Ky. 1993), which was decided well before *Elliott*. The portion from *Goff* quoted by Harris in the objection letter is itself a quotation to both *Perdue v. Commonwealth*, Ky., 916 S.W.2d 148, 160 (1995) and *Thompkins v. Commonwealth*, 54 S.W.3d 147, 150-51 (Ky. 2001), again, both of which were decided more than a decade before *Elliott*. That means that Harris's argument is not really that the state law has changed since *Elliott*, but, instead, that the Sixth Circuit was wrong about Kentucky law as it existed at the time *Elliot* was decided. However, neither Harris, nor the government, nor this Court, nor even a single panel of the Sixth Circuit has the power to ignore or overrule *Elliott* for that reason. *See United States v. Cogdill*, 130 F.4th 523, 527 (6th Cir. 2025) (Noting that the Sixth Circuit is, "bound to follow the prior published decisions of this court, without regard for whether they might be mistaken in their reading of the Supreme Court's decisions," and noting that is different from a situation in which intervening Supreme Court case law requires modification.").

In yet another layer of his argument, Harris suggests that the intervening change in the law may be *Borden v. United States*, 593 U.S. 420, 426, 141 S. Ct. 1817, 1823, 210 L. Ed. 2d 63 (2021). "In *Borden*, the Supreme Court clarified that the ACCA's elements clause includes offenses committed by 'purposeful and knowing acts,' but not 'reckless conduct.'" 141 S. Ct. at 1826. As the United States Probation Office has acknowledged, the Sixth Circuit has considered and rejected a *Borden* argument in the context of the

Tennessee facilitation statute. In rejecting that challenge, the Sixth Circuit noted that, "*Borden*'s plurality opinion expressly disclaimed that it was addressing 'accessory liability' crimes like Tennessee's facilitation offense." *United States v. Dorsey*, 91 F.4th 453, 459–60 (6th Cir.), cert. denied, 145 S. Ct. 286, 220 L. Ed. 2d 90 (2024). The Sixth Circuit went on to state as follows:

> Regardless, to convict a defendant of facilitation, the prosecution must prove more than that the defendant acted recklessly. A facilitator of aggravated robbery must knowingly assist the robber while also knowing of the robber's plan to commit the crime (and thus of the planned use or threatened use of force). *Gloss*, 661 F.3d at 318. So facilitation requires the defendant to harbor a knowing state of mind, not just a reckless one. And the *Borden* plurality made clear that the elements clause covers "knowing acts" in addition to "purposeful" ones. 593 U.S. at 432, 141 S.Ct. 1817 (plurality opinion). Indeed, we have since held that the elements clause reaches crimes committed wantonly—a state of mind less than knowing but more than reckless. *See Harrison*, 54 F.4th at 890. In short, Dorsey's facilitation offenses required proof of his knowledge. An offense with that state of mind still meets the elements clause after *Borden*.

*Id*. Harris's attempts to distinguish Dorsey by distinguishing the Tennessee and Kentucky facilitation statutes run into at least two problems. First, in *Elliott*, the Sixth Circuit itself analogized the two statutes. And, secondly, a plain reading of the two statute shows that the similarity between the two statues is apparent on their face, and especially in the places where it counts. The Kentucky facilitation statute states as follows:

> A person is guilty of criminal facilitation when, ***acting with knowledge that another person is committing or intends to commit a crime***, he engages in conduct which ***knowingly provides*** such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

KRS 506.080 (1). In comparison, the Tennessee statute states as follows:

> (a) A person is criminally responsible for the facilitation of a felony, if, ***knowing that another intends to commit a specific felony***, but without the intent required for criminal responsibility under § 39-11-402(2), the person ***knowingly furnishes*** substantial assistance in the commission of the felony.

Tenn. Code Ann. § 39-11-403. The facial similarly between these two statutes, and especially between the mental state requirements of each, makes Harris's attempt to distinguish them unavailing.

For these reasons, and especially in the light of *Dorsey, Elliott, Harrison, and Jamison*, convictions for facilitation to commit murder under Kentucky law qualify as crimes of violence and, when considered in the context of the other uncontested aspects of Harris's age, crime in this case, and criminal record, qualifies him for the career offender designation.[2] Harris's objection to the contrary should be overruled and the calculations of the PSR should be adopted by the Court.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: s/ *Andrew H. Trimble* .
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 330-4838
Andrew.Trimble@usdoj.gov

[2] Since facilitation to commit murder qualifies as a crime of violence and that is alone sufficient to enhance Harris's sentence under the career offender guideline, it is not necessary to determine whether Harris's solicitation to commit second degree arson is also a qualifying offense.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Andrew H. Trimble*
Assistant United States Attorney